UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lynn Cancino<br><br>  Plaintiff,<br><br>v.<br><br>Healthcare Revenue Recovery Group, LLC<br><br>  Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Lynn Cancino, ("Lynn"), is a natural person who resided in Chicago, Illinois, at all times relevant to this action.

2. Defendant, Healthcare Revenue Recovery Group, LLC, ("HRRG"), is a Florida Limited Liability Company that maintained its principal place of business in Sunrise, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**STATEMENT OF FACTS**

5. HRRG uses a predictive dialer system.

6. Before HRRG began contacting Lynn, it and Lynn had no prior business relationship and Lynn had never provided express consent to HRRG to be contacted on her cellular telephone.

7. HRRG regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of HRRG's revenue is debt collection.

9. HRRG is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, HRRG contacted Lynn to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Lynn is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, HRRG willingly and knowingly used an automatic telephone dialing system to call Lynn on her cellular phone multiple times in violation of the TCPA.

14. In early 2014, HRRG contacted Lynn on Lynn's cellular phone in an attempt to collect a debt for another individual.

15. In early 2014, Lynn communicated her desire that HRRG cease calling her.

16. Despite being notified of this desire, HRRG continued to contact Lynn on Lynn's cellular phone in an attempt to collect a debt for another individual including as recent as around July 2014.

17. On more than one occasion, Lynn communicated her desire that HRRG cease calling her.

18. HRRG's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Lynn.

19. HRRG unreasonably relied upon inaccurate information provided to HRRG by one (1) or more original creditors for whom HRRG was attempting to collect a debt when HRRG called Lynn's cellular telephone.

20. HRRG's policies and procedures violate the FDCPA.

21. HRRG caused Lynn emotional distress.

22. HRRG attempted to collect a debt from Lynn.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 22 above as if fully set forth herein.

24. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 22 above as if fully set forth herein.

26. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 22 above as if fully set forth herein.

28. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

29. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 22 above as if fully set forth herein.

30. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

31. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

32. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Hyslip & Taylor, LLC LPA

        By: /s/ David M. Menditto
        One of Plaintiff's Attorneys

Date: February 17, 2015

David M. Menditto, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL 60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: DavidM@fairdebt411.com